## PAUL BREMOND v. JOHN H. MANLEY.

Where S. instituted a suit against B., and pending the suit S. died, and his wife Elizabeth, as widow, petitioned to revive as the only heir; whereupon M. claimed the negotiable security declared upon as intervenor, and upon consultation between the widow and the intervenor the right was decided in favor of the intervenor, and thereafter he prosecuted the suit in his own name. He obtained judgment against the defendant, who seems to have

proved nothing at the trial.   In the absence of a statement of facts there is no such error as the court can notice.

If there was error as to the rightful ownership of the draft, that was a matter between the intervenor and the widow, and she not having appealed, the court cannot see how the defendant, who was the acceptor, was prejudiced.

ERROR from Harris.    The case was tried before the Hon. JOHN R. KENARD, one of the district judges.

This suit was instituted by one George Stevens against the plaintiff in error in the district court of Harris county, on the 24th day of September, 1860, on a draft or order drawn on the plaintiff in error by C. H. Day for $208 11 in favor of John Galigher, dated 25th October, 1859, accepted by Paul Bremond, and payable 1st December following; which draft, as is alleged in plaintiff's petition, was indorsed and transferred to one John Johnson, and by Johnson to George Stevens, who brought the suit.

At the November term of the district court, 1860, the defendant, by his attorney, filed his plea of general denial; and on 3d December, 1860, by leave of the court, the defendant filed an amended answer, setting up a good and legal defense to the action.

From this time until June, 1866, the record does not show that there was any action had in the cause.

On 15th June, 1866, Elizabeth Stevens petitioned the court, setting forth that she was the widow of George Stevens, plaintiff aforesaid, alleging that her husband died in the month of February, 1861; that she was his only representative, and asked that the suit be revived in her name.    The petition also alleged the death of J. B. Dart, the attorney who had brought the suit, and that one James Masterson had appeared as attorney in the cause; that the interests of Masterson were averse to her's, and therefore she prayed the court to order Masterson to deliver up the papers and the further management of the cause to S. J. Adams, Esq.

Upon the hearing it appears that the prayer of Mrs.

Stevens, to cause the suit to be revived in her name, was overruled by the court; but no action was taken in regard to the other part of her complaint, and James Masterson, Esq., continued to act as plaintiff's attorney in the cause.

On 3d December, 1866, John H. Manley appeared by James Masterson, Esq., and filed his petition, asking leave to intervene, and that the suit be prosecuted for his benefit. And on the same day the court authorized John H. Manley's name to be substituted for the original plaintiff, who was then dead, and ordered the cause to proceed in his name. And on 13th December, 1866, John H. Manley, the plaintiff, appeared and announced himself ready for trial, submitted the matter to a jury, and obtained a verdict, upon which the judgment was rendered of which the plaintiff in error complained.

*D. J. Baldwin,* for plaintiff in error.—While the suit did not abate on the death of Stevens, it was held in abeyance, potentially existing and ready to proceed whenever the proper parties appear upon the record. [Paschal's Dig., Art. 6, Note 224.]

By "legal representative" is meant the executor or administrator of the deceased, and as the widow did not apply as such, the court very properly refused her application. (Bissell v. Lavaca, 6 Tex., 54.)

And for the very same reason the court should have refused the application of Manley, the defendant in error. He does not claim to be either executor or administrator of the original plaintiff, but he comes in by the attorney of the original plaintiff, and, setting up a claim adverse to the interests of the estate, asks and obtains leave to intervene, and thereby attempts to evade the statute by substituting himself for the plaintiff in the cause.

The plea of intervention gave him no right to have his name substituted in the place of the original plaintiff,

change the style of the suit, and proceed to judgment, without giving the plaintiff in error notice, and calling upon him to defend an action which he had never been called upon to answer. (Sayles' Prac., Art. 156; 6 Tex., 546, 547; 10 Tex., 2; 2 Tex., 428.)

*James Masterson,* for the defendant in error, moved to dismiss the writ of error.

MORRILL, C. J.—Suit was instituted by one Stevens against Bremond, in 1860, on a draft indorsed in blank, the said Stevens being the holder and said Bremond the acceptor. In 1861 Stevens died, and nothing appears to have been done in the cause till 1866, when the widow of said Stevens appeared in court and suggested the death of the original plaintiff, and requested permission to prosecute as survivor. It also seems that defendant, Manley, appeared in court and claimed to be the owner of the draft upon which suit was founded. Their respective claims were adjudicated upon, and the court decided in favor of Manley as to the ownership. Manley from that time prosecuted the suit in his own name and obtained a judgment, and Bremond brings a writ of error, and assigns as error—

1. That the suit, having been brought in the name of Stevens and he being dead, could not progress except in the name of his legal representative.

2. That Manley has no right to prosecute as intervenor.

As the draft does not disclose who is the owner of the same, being indorsed in blank, it was right and proper for any party to intervene and establish his ownership thereof.

There being no statement of facts in the case, we cannot say that the judge erred in his decision as to the proper owner of the draft; and, besides, the parties to this controversy are not before this court. Mrs. Stevens does not appeal from the decision, and it cannot affect the rights of Bremond, whose only defense was payment to a previous

holder, and concerning which there is no statement of facts.

There is no error in the judgment, and the same is

AFFIRMED.